IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES D.J. BARNES,

    Petitioner,

v.                                                                               No. 1:22-cv-00468-KWR-LF

NEW MEXICO DEPARTMENT OF CORRECTIONS,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte* in connection with Charles D.J. Barnes's Letter Raising Appeal Against State Judgment/Sentence (Doc. 1) (Petition). Barnes is incarcerated and proceeding *pro se*. The Petition ostensibly challenges his prison classification, but the only discernable allegation is that his state criminal judgment is illegal. After filing the Petition, Barnes filed a Notice of Authorities; Notice of Peremptory Challenge Against Hon. William Johnson; Motion for Continuance; Notices/Letters Regarding Defense of Entrapment; and Notices Regarding First Amendment Violations. *See* Docs. 2-4, 6, 8-10. Some of those submissions raise habeas arguments, and others appear to assert civil rights claims under 42 U.S.C. § 1983. Barnes paid the $5.00 habeas filing fee.

The Court is not required to sort through various filings and supplements to piece together a movant's claim. *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). Such filings are "pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young Pub. Co., LLC ex rel. Young v. Unified*

*Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012); *see also McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (allowing shotgun pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which … pertinent allegations to which a response is warranted"). Accordingly, the Court declines to conduct an initial review of the current pleadings, notices, and letters on file. Because Barnes has only paid the $5.00 habeas filing fee, the Court also declines to consider § 1983 claims in this habeas proceeding. *See Sherratt v. Friel*, 2008 WL 313177, *1 (10th Cir. 2008) (affirming dismissal of habeas petition that referenced prison conditions, since those claims should be brought under Section 1983); *Bentley v. Kansas Secretary of Corrections*, 1999 WL 617719, *1 (10th Cir. 1999) (same).

Barnes may file a single, amended habeas petition under 28 U.S.C. § 2254 within thirty (30) days of entry of this Order. The amendment must comply with Fed. R. Civ. P. 8(a) and contain a short and plain statement of the grounds for relief. The amendment must also comply with Habeas Corpus Rule 2(c). Under that rule, a petition must specify all grounds for relief, with factual support; state the relief requested; be typed or "legibly handwritten;" and be signed under penalty of perjury. Habeas Corpus Rule 2(c). If Barnes fails to timely file an amended § 2254 petition that complies with these instructions, or if he continues to file illegible or irrelevant supplements to that petition, the Court may dismiss this case without further notice. The Court will finally deny the Motion for Continuance (Doc. 4), which seeks relief in cases that were dismissed years before Barnes filed the instant Petition. Barnes must keep track of his own cases and file separate requests for relief using the correct case number(s).

**IT IS ORDERED** that the Motion for Continuance (**Doc. 4**) is **DENIED.**

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Barnes must file a single, amended habeas petition that complies with the above instructions; and the Clerk's Office shall **MAIL** Barnes a blank 28 U.S.C. § 2254 petition.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**