IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES D.J. BARNES,

    Petitioner,

vs.                                        No. 22-cv-0468 KWR-LF

NEW MEXICO DEPARTMENT OF CORRECTIONS,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court following Petitioner Charles D.J. Barnes' failure to comply with Fed. R. Civ. P. 8(a) as directed. Barnes initiated this case by filing a "Classification Appeal/Direct Appeal" (Doc. 1) (Petition). The title ostensibly challenges his prison classification, but Barnes' only discernable allegation is that his state criminal judgment is illegal. After filing the Petition, Barnes filed a Notice of Authorities; Notice of Peremptory Challenge Against Hon. William Johnson; Motion for Continuance; Notices/Letters Regarding Defense of Entrapment; and Notices Regarding First Amendment Violations. *See* Docs. 2-4, 6, 8-10. Some of those submissions raise habeas arguments, while others appear to assert civil rights claims under 42 U.S.C. § 1983. In many filings, the request for relief is not entirely clear. Barnes paid the $5.00 habeas filing fee, rather than the $402 civil filing fee.

    By a Memorandum Opinion and Order entered February 14, 2023, the Court discerned Barnes wished to file habeas claims, based on his challenge to the sentence in the opening pleading and his payment of the habeas filing fee. *See* Doc. 11. However, the Court declined to sort through various filings and supplements to piece together Barnes' claim. *See Glenn v. First Nat.*

*Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). Shotgun filings are "pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012); *see also McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (allowing shotgun pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which … pertinent allegations to which a response is warranted"). Barnes was directed to file a single, amended habeas petition that complies with Fed. R. Civ. P. 8(a). The Court also warned that any amended habeas petition must comply Habeas Corpus Rule 2(c). *See* Doc. 11. Under that rule, a petition must specify all grounds for relief, with factual support; state the relief requested; be typed or "legibly handwritten;" and be signed under penalty of perjury. Habeas Corpus Rule 2(c). The Clerk's Office mailed Barnes a blank § 2254 petition to assist with any habeas amendment.

Barnes did not follow these instructions. After entry of the Memorandum Opinion and Order, he filed the following six submissions:

(1) Notice of Authorities/Amendment/6 Amendment, Art. VI (Doc. 12), which details misconduct by prison officials; cites 42 U.S.C. § 1983; and references illegal criminal judgments.

(2) Will/Last or Final Wish (Doc. 13), which discusses Barnes' burial plans and attaches a form Last Will and Testament.

(3) Notification of Appeal/Administrative Appeal (Doc. 15), which alleges any mistakes in this or other cases are attributable to obstruction by prison officials.

(4) Notification of Authorities/Amendment/6 Amendment/8 Amendment (Doc. 16), which alleges state officials prevented Barnes from preparing a defense in a case.

(5) Notification of Authorities Amend. 8; Amend. 1; Art. VI U.S.C.A.; Amend 14 (Doc. 17), which alleges any further incarceration constitutes an abuse of human rights and that prison officials may have "embezzled" good time credits.

(6) Notification of Authorities/Amendment/8 Amendment Art. VI U.S.C. (Doc. 18), which alleges prison officials are discriminating against Barnes and violating the Eighth Amendment.[1]

The Court discerns Barnes still wishes to assert civil rights claims alongside his habeas claims, even though he has not satisfied the civil filing fee requirement or filed a properly supported *in forma pauperis* motion. *See* 28 U.S.C. § 1915(b) (requiring an initial filing fee where, as here, the plaintiff raises prisoner civil rights claims); *Whitmore v. Parker*, 484 Fed. App'x 227, 240 (10th Cir. 2012) (assuming an inmate could file § 1983 claims alongside habeas claims, he must "compl[y] with the applicable procedural requirements[,] including those in [28 U.S.C. § 1915(b)] … in asserting" both claims). Even if the Court overlooked any procedural defects and considered both types of claims, the above filings do not comply with Rule 8(a) or the prior Memorandum Opinion and Order. Barnes' claims are not confined to a single pleading, as directed. Striking extraneous submissions would not cure the defect. His handwriting is not always discernable, and it is not entirely clear what relief he seeks.

---

[1] Some of the amended filings contain a caption listing the U.S. District Court and/or the Tenth Circuit Court of Appeals as respondents along with certain prisons. There are no discernable allegations that the courts are involved with Barnes' conditions of confinement or state criminal judgment, and in any event, a petitioner cannot sustain a claim against federal courts. *See Barnes v. New Mexico Dist. Ct.,* 2021 WL 308832, at *3 (D.N.M. Jan. 29, 2021) (rejecting Barnes' attempt to sue all courts in New Mexico based on judicial and sovereign immunity).

The Court will therefore dismiss this case under Fed. R. Civ. P. 41(b) for "failure to … comply with the … court's orders" and under Rule 8(a) for failure to file a short, plain statement as directed.  *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).  The dismissal will be entered without prejudice, since it is unclear what specific claims are being dismissed.  *See Fontana v. Pearson,* 772 Fed. App'x 728, 729 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice."); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (applying the same rule under Rule 41).

**IT IS ORERED** that this case, including each amended notice (**Doc. 12, 13, 15, 16, 17, and 18**) filed by Plaintiff, is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE